Yasser SALEH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71540.
Agency No. A75–566–864.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Oct. 6, 2004.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

822

Yasser Saleh, Las Vegas, NV, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Douglas E. Ginsburg, Ethan B. Kanter, Washington, DC, for Respondent.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

## MEMORANDUM**

Yasser Saleh, a native and citizen of Syria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

** This disposition is not appropriate for publication and may not be cited to or by the

We lack jurisdiction to review the IJ's determination that Saleh failed to file his asylum application within one year of his arrival in the United States. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001). Accordingly, we dismiss Saleh's petition for review with respect to his asylum claim. *See id.*

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the IJ's denial of withholding of removal. *Id.* at 816. We review under the substantial evidence standard, and must uphold the IJ's decision unless the evidence compels a reasonable factfinder to reach a contrary result. *Id.* Because the IJ conceded he was not making an adverse credibility determination, we presume Saleh's testimony to be credible. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir.2002).

Substantial evidence supports the IJ's determination that Saleh failed to demonstrate "that it is more likely than not that he would be subject to persecution on one of the specified grounds." *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotations omitted).

We lack jurisdiction to review Saleh's CAT claim, as he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Saleh's contention that the BIA's summary affirmance violates his due process rights is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.